NITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THERESA TONINA            )<br>  *Plaintiff*,                     )<br>                                    )<br>v.                                )<br>                                    )<br>JOSEPH FERRARO AND KEVIN,  )<br>TOWN FINANCE DIRECTOR      )<br>  *Defendants*.                 )<br>                                    ) | 3:21-CV-01248 (OAW)<br><br><br><br><br>January 19, 2022 |

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the court upon Defendants' Motion to Dismiss ("Motion"). *See* ECF No. 8. Plaintiff has not responded to the Motion, and the time in which to do so has expired. The Motion is therefore ripe for adjudication. The court has reviewed the Motion, Defendants' supplemental memorandum in support of the Motion, *see* ECF No. 10, and the record in this matter and is thoroughly apprised in the premises. For the reasons discussed herein, the court will grant the Motion.

Plaintiff filed her Complaint on September 20, 2021. *See* ECF No. 1. Although she does not clearly state any alleged facts or asserted claims, the court gleans that Plaintiff is attempting to recover property taxes she believes were collected in error by the Town of Berlin, Connecticut. Defendants assert that the action must be dismissed because subject matter jurisdiction is lacking and because Plaintiff has failed to state a claim upon which relief can be granted.[1]

The court agrees. While the undersigned appreciates that Plaintiff clearly feels aggrieved, and it is obvious that she has been diligent in her pursuit of a remedy, federal courts have limited jurisdiction and must dismiss actions where subject matter jurisdiction is lacking. *See Nike, Inc.*

---

[1] Defendants also assert that personal jurisdiction is lacking and that the action is precluded by res judicata, but the court need not reach those arguments in this discussion.

*v. Already, LLC*, 663 F.3d 89, 94 (2d. Cir. 2011).  Furthermore, an action must be dismissed where the facts alleged in the complaint are insufficient to state a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

With respect to the latter point, even construing the Complaint liberally, as courts must do for pro se plaintiffs, *see Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d. Cir. 2006), the court cannot clearly discern the contours of Plaintiff's grievance.  The Complaint is comprised of many attachments, including a reproduction of the Bill of Rights, *see* ECF No. 1 at 5, a letter to the court only a single page in length, *see* ECF No. 1-2, and court documents from the Superior Court for the Judicial District of New Britain indicating that she has already unsuccessfully sued Defendant Ferraro in state court, *see* ECF No. 1-1 at 39.  These documents do not amount to a well-pled Complaint.  Even having thoroughly reviewed the documents, some of which are dated almost two decades ago, the court cannot find that they state a cognizable claim.  The Complaint is due to be dismissed for this reason alone.

The more serious defect, however, is the lack of subject matter jurisdiction.  The court takes judicial notice of another complaint Plaintiff filed in the United States District Court for the District of Connecticut under case number 3:19-cv-00970(MPS).  *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d. Cir. 2000) (taking judicial notice of a complaint in a separate lawsuit pursuant to Federal Rule of Evidence 201(b)).  In that case, the Honorable Judge Michael Shea construed the complaint, which was comprised of an amalgamation of attachments similar to those comprising the Complaint in this case, as a claim for relief under 42 U.S.C. § 1983.  *See* Ruling on Motion to Dismiss, *Tonina v. Ferraro et al*, No. 3:19-cv-00970(MPS) (D. Conn. June 26, 2020), ECF No. 29.[2]  His Honor concluded, however, that Plaintiff's claims were barred by the comity doctrine,

---

[2] Plaintiff has also filed a copy of Judge Shea's dismissal order in a separate submission of exhibits in this case.  *See* ECF No. 11 at 27.

which prevents federal courts from exercising jurisdiction over state tax claims in a § 1983 action where an adequate remedy is available in state court. *Id.* at 4-6.  Moreover, Judge Shea found that even if subject matter jurisdiction were not lacking, the court still would dismiss the action for failure to state a plausible claim.  *Id.* at 6.

For the same reasons stated in Judge Shea's dismissal order, the court finds the instant action must also be dismissed.  The court already has concluded that Plaintiff has failed to state a cognizable claim, but to the extent Plaintiff has done so, it appears that any such claim is similar if not identical to the § 1983 claim Plaintiff made in her previous federal case.  Nevertheless, Plaintiff has an adequate remedy under state law: she may appeal to the board of assessment and thereafter to the Superior Court.  *See* Conn. Gen. Stat. §§ 12-111, 12-117a.[3]  It is clear, then, that the court still lacks subject matter jurisdiction to hear this matter.  Therefore, the Motion must be granted, and the action must be dismissed.

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss (ECF No. 8) is **GRANTED**;
2. Defendants' request for oral argument is **DENIED**; and
3. The Clerk is directed to **CLOSE** this case.

**SO ORDERED** in Hartford, Connecticut, this 19th day of January, 2022.

                                                 */s/*
                                           OMAR A. WILLIAMS
                                           UNITED STATES DISTRICT JUDGE

---

[3] It also appears that Plaintiff has availed herself of these remedies and has been granted relief by her town's board.  *See* ECF No. 1 at 24 (showing that Plaintiff had a hearing in front of her appeals board and that her petition for relief was granted).  So it is not clear that there still exists a justiciable dispute.